LOUIS M. BROOKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 5872. Promulgated March 18, 1946.

*A. E. James, Esq.*, for the petitioner.
*Carl A. Stutsman, Jr., Esq.*, for the respondent.

506

## OPINION.

MURDOCK, *Judge*: Section 41 of the Internal Revenue Code provides in part that if a taxpayer "does not keep books, the net income shall be computed on the basis of the calendar year." The Commissioner, by his letter granting permission to this petitioner to file returns

for fiscal years ending October 31 upon condition that he maintain books of account "or other competent records accurately reflecting his income" from all sources, could not waive or modify the statutory requirement. *Max H. Stryker*, 36 B. T. A. 326. The parties recognize this. They differ only on the question of whether or not the petitioner kept books within the meaning of section 41. The petitioner contends that the file and the ledger constitute books kept by him.

The use of the calendar year for making returns antedates the use of fiscal year periods. Congress, as subsequent acts were passed, permitted more and more classes of taxpayers to use the fiscal year, but always upon certain conditions, one of which was the keeping of books. The reason, necessity, or justification for this requirement of keeping books may not be too obvious, but the requirement clearly appears in the law and must be given effect.

The statement of an all-inclusive definition of the words "keep books" as used in section 41 may be difficult. Bookkeeping is usually understood as the recording of business transactions in books of account. Walton Accounting—Charles H. Langer, 1929. Funk & Wagnals New Standard Dictionary, 1935 edition, defines bookkeeping as "The art, method, or practise of recording business transactions distinctly and systematically in blank books provided for the purpose, so as to show the goods and moneys received, disposed of, and on hand, the credits given, and the assets, liabilities, and general status of the business, person, or house." We have heretofore held that informal records such as check stubs, rent receipts, and dividend statements are not books within the requirement of section 41. *Max H. Stryker*, *supra*. The slips of paper which the petitioner kept on a file were merely informal records and the complete file did not constitute a book within the meaning of section 41.

The petitioner did not keep a book showing any assets such as stocks, mortgages, or real estate owned by him. When he received a dividend, he did not make any entry in a book to show the receipt of that dividend. Instead, he merely cut off the front of the envelope or used a slip of paper accompanying the dividend check on which to make a notation of the receipt of the dividend. When he received a check for mortgage interest with a statement attached, he did not make any entry of the receipt of the interest in a book, but merely tore off the statement and stuck it in his file. He owned and rented some real estate. He did not maintain any account in a book or elsewhere showing the cost and date of acquisition of the property or the value of the depreciable improvements on the property such as would be necessary for the computation of depreciation. He maintained no account of any kind relating to depreciation on his rented real property. He computed depreciation, in some way not shown by the record, in an amount

exactly equaling the rent from his rented property. Repairs to rented property are not adequately recorded in the file. If he bought a security, he retained the statement furnished him by the broker. This was not retained in the file to which reference has been made, but in another not offered in evidence. Then, in the year in which a security was sold, he attached the purchase memorandum to the sales memorandum and put the two of them in the file. Such records furnished by the broker do not constitute books of account of the petitioner when retained by him in a file.

Much information which the Commissioner, if he attempted an audit, would no doubt want to have in order to verify the correctness of the petitioner's returns could not be obtained from the file. For example, he would have no way of determining from the file the amount of depreciation to which the petitioner might be entitled. Without knowing how many shares of stock the petitioner held and for what period of the year he held them, the Commissioner would not be able to tell whether or not the dividends were correctly reported. These and other difficulties would be present just the same if a calendar year were used. Nevertheless, placing the pieces of paper on the file from day to day was not keeping books within the meaning of section 41 so as to justify the use of a period other than the calendar year for reporting income.

The so-called ledger which the petitioner's accountant prepared from the file does not justify the petitioner's use of a fiscal period ending on October 31. A ledger is not a book of original entry. One of its purposes is to classify and summarize entries found in a book of original entry. A bookkeeping system usually includes a ledger, but, in and of itself, a ledger does not constitute keeping of books within the meaning of section 41. One of the pages showed the petitioner's distributive share of the net income of a partnership of which he was a member, whereas the file contained no reference to that item, but otherwise these pages did not make up any of the deficiencies of the file itself. The only purpose back of the preparation of the so-called ledger sheets, so far as this record shows, was to do something to comply with the condition upon which the Commissioner granted permission to change to a fiscal period. It does not appear that the ledger was ever used for any purpose. The evidence rather indicates that the petitioner never had possession of it or paid any attention to it and that it was at all times in the possession of the accountant. This accountant was not regularly employed by the petitioner, but simply assisted him in tax matters. The petitioner did not keep books as required by section 41 and, therefore, did not have a right under the statute to report his income on the basis of a fiscal year ending October 31.

*Decision will be entered for the respondent.*