Malcolm G. Brooks v. Commissioner.
Malcolm G. Brooks v. Commissioner
Docket No. 5871.
United States Tax Court
1946 Tax Ct. Memo LEXIS 240; 5 T.C.M. (CCH) 181; T.C.M. (RIA) 46060; March 18, 1946
A. E. James, Esq., 60 Broadway, New York, N.Y., for the petitioner. Carl A. Stutsman, Jr., Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies of $504.10 and $6,129.94 in the petitioner's income tax for the calendar years 1940 and 1941. The petitioner filed returns for a period of ten months beginning January 1, 1940 and ending October 31, 1940, and for the twelve months ending October 31, 1941. The only issue is whether the Commissioner erred in determining the deficiencies on the basis of calendar years. Findings of Fact The petitioner is an individual. His returns for years prior to 1940 were filed for calendar years. He applied, in September 1940, for perinission to change his taxable year from a calendar year to a fiscal year ending *241 October 31st. The Commissioner, in that same month, wrote a letter granting permission "to change the basis of computing his income and filing income tax returns from the calendar year to the fiscal year ending October 31, effective October 31, 1940, * * *." This permission was "conditioned upon the maintenance of books of account or other competent records accurately reflecting his income from all business and other sources on the basis of the full fiscal year ending October 31." The petitioner filed income tax returns for ten months ending October 31, 1940, and for twelve months ending October 31, 1941. Those returns were filed on the basis of cash receipts and disbursements. The Commissioner, in determining the deficiencies, computed the petitioner's income for the calendar year 1940 and for the calendar year 1941, and explained that that was required by section 41 of the Internal Revenue Code since the petitioner did not keep books. He made a number of adjustments, none of which are in controversy. The petitioner began in January 1940 a system of making notations of some items of income and deductions. When he received a dividend, he wrote on a slip *242 of paper the date, the name of the corporation, and the amount of the dividend and placed the slip in an envelope. He made similar slips for bond interest received. When he made a contribution he placed some notation of it in the envelope. He also placed in the envelope receipts for some taxes. When he sold a security he attached the broker's memorandum of the purchase to the similar memorandum of the sale and placed them in the envelope. At the end of the year he made and placed in the envelope slips showing savings account interest, rent, oil royalties, and some taxes. He also kept on pieces of paper a chronological record of other oil royalties which he received and placed those papers in the envelope. When he deposited an item of income in a bank he made a notation of the item in his check book. He did not deposit in the bank all items of income which he received. After October 31, 1940, he added items in the various classes of income and deductions contained in the envelope and sent the totals with the envelope to an accountant in another city. The accountant prepared the petitioner's income tax return from this and other information which he obtained and also, after receiving *243 the envelope, he prepared sheets of paper which he placed in a binder bearing the words "Malcolm G. Brooks Ledger." The same procedure was followed after receipt of the envelope for the twelve months ending October 31, 1941. One set of sheets is entitled "Income from Dividends Received." It shows the name of each corporation and the total amount of dividends received from it. Another page shows income from bank and mortgage interest in similar fashion. Another does the same for bond interest. Four others, not supported by any slips in the envelope, show a small amount of interest from a government bond, the petitioner's distributive share of the income from a partnership, total income from a trust and a counsel fee paid. Another page is entitled "Income from Rents & Royalties." It lists for each period total rents and royalties offset by depreciation, depletion, and expense of rental property. Another page shows the dates, amounts and securities involved in sales of securities made during each period. Contributions and taxes were shown separately on two other pages. All pages were ruled off to separate the periods ending October 31st, 1940 and 1941. Opinion MURDOCK, Judge: The *244 contention of the petitioner in this case is certainly no stronger than that made by his brother in a companion case and must be decided against him upon authority of that case, Louis M. Brooks, 6 T.C. 504, (March 18, 1946). Decision will be entered under Rule 50.